IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JAIME LUEVANO, § | | |
| TDCJ No. 9340134, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | EP-10-CV-128-KC |
| § | | |
| GREG ABBOTT, Attorney General § | | |
| of Texas, *et al.*, § | | |
|     Respondents. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Jaime Luevano's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein, Luevano challenges two state-court convictions. After reviewing the available records, the Court concludes that it should dismiss Luevano's petition without prejudice because he has not exhausted all remedies available in the state system. The Court additionally concludes that it should deny Luevano a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

Luevano asserts he is currently in state custody as the result of two convictions in 2010 for burglary of a habitation.[1] Luevano reports he received life and twenty-five-year prison sentences in these cases from the 409th Judicial District Court of El Paso County, Texas.

The Court has liberally read Luevano's petition.[2] The Court understands him to claim the trial court unconstitutionally selected and empaneled the jurors, the prosecution failed to disclose evidence of false statements by police officers to the jury, the State fabricated the allegations in

---

[1] *State v. Luevano*, Cause Nos. 20070D04788, 20070D04789 (409th Dist. Ct., El Paso County, Tex. Mar. 4 2010).

[2] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

the indictment, the State wrongfully held him in jail for six months after a mistrial, his counsel provided ineffective assistance when he forced him to testify, and the trial court deprived him of the right to represent himself. Luevano concedes "[t]his petition is ahead of time, in advance of time–and–to beyond the future . . . proceedings."[3] A review of court records maintained by the Texas Court of Criminal Appeals on its web site[4] confirms that Luevano has not submitted a petition for discretionary review or state application for a writ of habeas corpus challenging these convictions.[5]

## LEGAL STANDARD

Section 2254 allows a district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[6] As a prerequisite to obtaining § 2254 relief, however, a prisoner must exhaust all remedies available in the state system.[7] This exhaustion requirement reflects a policy of federal-state comity "designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[8] It also prevents "unnecessary conflict between

---

[3] Pet. 13 of 16 [Docket No. 1].

[4] *See* http://www.cca.courts.state.tx.us/opinions.

[5] Luevano has, however, filed three original writs of mandamus related to these cases. *In re Luevano*, WR-58,920-03 (Tex. Crim. App. Jan 16, 2008); *In re Luevano*, WR-58,920-04 (Tex. Crim. App. Oct. 22, 2008); *In re Luevano*, WR-58,920-05 (Tex. Crim. App. Jan 13, 2010).

[6] 28 U.S.C.A. § 2254(a) (West 2010).

[7] 28 U.S.C. § 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

[8] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)).

courts equally bound to guard and protect rights secured by the Constitution."[9]

A petitioner satisfies the exhaustion requirement when he presents the substance of his habeas claims to the state's highest court in a procedurally proper manner before filing a petition in federal court.[10] In Texas, the Court of Criminal Appeals is the highest court for criminal matters.[11] Thus, a Texas prisoner may satisfy the exhaustion requirement only by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to Texas Code of Criminal Procedure article 11.07.[12]

## ANALYSIS

The rules governing § 2254 cases instruct federal district courts to screen petitions.[13] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.[14]

In the instant case, Luevano's petition clearly shows that he has not presented his claims in a procedurally proper manner to the state's highest court.[15] Thus, he has not "exhausted the

---

[9] *Ex Parte Royall,* 117 U.S. 241, 251 (1886).

[10] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).

[11] *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

[12] TEX. CRIM. PROC. CODE ANN. art. 11.07 (Vernon 2003 & Supp. 2008); *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998).

[13] U.S.C.S. § 2254 PROC. R. 4 (West 2010).

[14] *Id*.

[15] Pet. 3 of 9 [Docket No. 2]; *see* TEX. CRIM. PROC. CODE ANN. art. 11.07, § 3(a) ("[T]he writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas.").

remedies available in the courts of the State."[16]  Further, he still "has the right under the law of the State to raise . . . the question[s] presented."[17]  Thus, it is plain from the face of Luevano's petition that he has not satisfied the preconditions for review set forth in § 2254.  Dismissal of his petition for lack of exhaustion is therefore warranted so that he may fully pursue his state remedies and then return to this Court, if he so desires.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[18]  Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[19]  In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[20]  Although Luevano has not yet filed a notice of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability.[21]

---

[16] 28 U.S.C. § 2254(b)(1)(A).

[17] 28 U.S.C. § 2254(c).

[18] 28 U.S.C.A. § 2253(c)(1)(B) (West 2010).

[19] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[20] *See* 28 U.S.C.A. §2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *see also Lackey*, 116 F.3d at 151 (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *but see United States v. Kimler*, 150 F.3d 429, 431 & 431 n.1 (5th Cir. 1998) (explaining the Fifth Circuit may address an issue not certified by the district court if the movant makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[21] *See* U.S.C.S. § 2254 PROC. R. 11(a) (West 2010) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."); *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (explaining it is appropriate for a district court to address *sua sponte* the issue of whether it should grant or deny a certificate of appealability, even before one is requested).

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[22] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[23] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[24] Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case is correct. Accordingly, the Court finds it should deny Luevano a certificate of appealability.

## CONCLUSION

For the reasons discussed above, the Court concludes that Luevano is not entitled to federal habeas corpus relief at this time. Accordingly, the Court enters the following orders:

1. The Court **DISMISSES WITHOUT PREJUDICE** Petitioner Jaime Luevano's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for failure to exhaust his state remedies.

2. The Court **DENIES** Petitioner Jaime Lueverno a **CERTIFICATE OF APPEALABILITY**.

---

[22] 28 U.S.C.A. § 2253(c)(2).

[23] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[24] *Id*.

3. The Court **DENIES AS MOOT** all pending motions in this cause, if any.

**SO ORDERED.**

**SIGNED this 16th day of April 2010**.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

Case 3:10-cv-00128-KC   Document 4   Filed 04/15/10   Page 7 of 7